IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> JSMITH CIVIL, LLC, ) <br> ) <br> DEBTOR. ) <br> ) | CASE NO. 23-02734-5-JNC <br> CHAPTER 11 <br> RE: Doc. Nos. 10, 28 |

**LIMITED OBJECTION TO ENTRY OF A SUBSEQUENT INTERIM OR FINAL ORDER ON THE DEBTOR'S EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL**

**COMES NOW** Westfield Insurance Company ("Westfield"), by and through its undersigned counsel, to hereby file this *Limited Objection to the Entry of a Subsequent Interim or Final Order on the Debtor's Emergency Motion for Authorization to Use Cash Collateral* (the "Limited Objection"), objecting to the Debtor's *Emergency Motion for Authorization to Use Cash Collateral* (the "Cash Collateral Motion") filed on September 19, 2023 [Doc. No. 10], with the subsequent *First Interim Order Authorizing Use of Cash Collateral* (the "First Interim Cash Collateral Order") entered by this Court on September 22, 2023. In support of this Limited Objection, Westfield respectfully states as follows:

1. Prior to the commencement of this bankruptcy case, Westfield issued certain surety bonds (the "Bonds") to the Debtor as named principal thereunder in relations to various of the Debtor's construction contracts referenced in the Westfield Bonds (the "Bonded Contracts") as consideration for the Debtor's execution as indemnitor thereunder of three separate but identical, *mutatis mutandis*, indemnity agreements in favor of Westfield — (1) the *Agreement of Indemnity* dated May 8, 2018, executed, *inter alia*, by Bridgepoint Civil, LLC n/k/a JSmith Civil, LLC (the "2018 GIA"), (2) the *Agreement of Indemnity* dated May 21, 2019, executed, *inter alia*, by

Bridgepoint Civil, LLC n/k/a JSmith Civil, LLC (the "2019 GIA"), and (3) the *Agreement of Indemnity* dated May 1, 2020, executed, *inter alia*, by JSmith Civil, LLC (the "2020 GIA", and collectively, the "GIAs").

2. Further, pursuant to Westfield's rights and obligations under the Bonds, the GIAs, and applicable law Westfield (a) began performing pursuant to its obligations under the Bonds by arranging for, overseeing, and execution completion and closeout of the projects under the Bonded Contracts and (b) began collecting the receivables, payments, proceeds, and the like from the Bonded Contracts (the "Bonded Contract Proceeds") to make payments pursuant to the Bonded Contracts.

3. Westfield has asserted rights with respect to the Bonded Contract Proceeds superior to those of other creditors or parties in interest pursuant to Westfield's rights under the GIAs, its right of equitable subrogation, and its rights based on the status of the Bonded Contract Proceeds as trust funds both under the GIAs and by operation of law.

4. Westfield has been in discussions and negotiations with both the Debtor and First-Citizens Bank & Trust Company ("First Citizens") and the parties appear to be in agreement regarding the continued performance by Westfield under the Bonds and the collection and utilization of the Bonded Contract Proceeds.

5. Westfield acknowledges the language currently included in the First Interim Cash Collateral Order, which states:

> Nothing herein alters, limits, primes, modifies, or impairs the rights of the Debtor's sureties including, without limitation, subrogation, trust or other rights, under any of their bonds, bonded contracts, in any proceeds of the bonded contracts, cash or other surety collateral, and/or under any of their respective indemnity agreements, or otherwise, and all such rights and interests are reserved and preserved. Nothing herein authorizes the use of any proceeds of any bonded contracts. Similarly, nothing herein alters, limits, primes, modifies or impairs (i) the rights of non-surety secured creditors of the Debtor in their respective collateral, or (ii) such creditors'

rights to dispute or otherwise seek a determination as to the extent of the surety's interests described above.

6. However, Westfield objects to the entry of any subsequent interim or final order on the Cash Collateral Motion to the extent such order does not include further provisions with respect to Westfield's rights to the Bonded Contract Proceeds, including (subject to reasonable negotiations and modifications) the following:[1]

> A. No Bonded Contract Proceeds shall constitute cash collateral under any subsequently entered interim or final order on the Cash Collateral Motion or as contemplated by the Cash Collateral Motion or 11 U.S.C. § 363;
>
> B. Westfield is authorized (i) to continue collecting Bonded Contract Proceeds for distribution pursuant to the Bonded Contracts, (ii) to continue completing the projects under the Bonded Contracts, (iii) to otherwise take actions consistent with its rights and obligations under the Bonds, and/or (iv) to adjust, pay, settle, prosecute affirmative claims, or defend claims with respect to the Bonds and Bonded Contracts in its own name or the name of the Debtor without further order from this Court, all provided that Westfield shall provide the Debtor, First Citizens, and other parties in interest with quarterly accountings and a final accounting upon completion of Westfield's use of the Bonded Contract Proceeds;
>
> C. Contract counterparties to the Bonded Contracts are authorized and directed to continue making payments of Bonded Contract Proceeds to Westfield, and the Debtor is authorized to remit any payments of Bonded Contract Proceeds to Westfield;
>
> D. Westfield shall not receive any proceeds from any of the Debtor's unbonded contracts or from the lease or sale of the Debtor's equipment at this time; and
>
> E. No order on the Cash Collateral Motion shall waive or release, and Westfield specifically reserves, its rights under the Bonds and/or the GIAs, its rights as a secured creditor of the Debtor, its liens against non-Debtor parties, or any and all of its other rights or interest, and, further, the Debtor's and all secured creditors' rights related to the Bonded Contract Proceeds are reserved pending the opportunity to review any final accounting.

**WHEREFORE**, Westfield respectfully objects and request the Court to deny the Cash Collateral Motion to the extent any subsequent interim or final order does not provide for the

---

[1] Westfield has sent proposed language to the Debtor and First Citizens. The Debtor had no objections to Westfield's proposed language subject to agreement between Westfield and First Citizens. Westfield and First Citizens are currently working together on agreed language and reservation of rights.

provisions above and for such other and further relief as the Court deems just and proper. Westfield anticipates withdrawing its objection upon final agreement on the language protecting its rights to the Bonded Contract Proceeds.

                                        Respectfully submitted,

                                        **MANIER & HEROD, P.C.**

                                        /s/ Jeffrey S. Price
                                        Jeffrey S. Price (NC Bar No. 42590)
                                        1201 Demonbreun St., Suite 900
                                        Nashville, TN 37203
                                        T: (615) 742-9358
                                        F: (615) 242-4203
                                        jprice@manierherod.com

                                        *Counsel for Westfield Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 28, 2023, the foregoing document was served on all parties registered to receive electronic notice in this case via the Court's ECF system.

                                        /s/ Jeffrey S. Price
                                        Jeffrey S. Price