# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

---

In re:

JSMITH CIVIL, LLC

                              Debtor.

Chapter 11

Case No.: 23-02734-5-JNC

---

## BARNHILL CONTRACTING COMPANY'S MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Barnhill Contracting Company ("Barnhill"), a creditor in the above captioned chapter 11 bankruptcy case, and moves this Court for an order granting it relief from the automatic stay imposed by 11 U.S.C. § 362(a) to allow Barnhill to assert counterclaims in a pending arbitration proceeding involving the Debtor and Barnhill in order to liquidated Barnhill's claims against the Debtor. In support of this Motion, Barnhill states as follows:

### JURISDICTION

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

### FACTS AND BACKGROUND INFORMATION

2. JSmith Civil, LLC (the "Debtor" or "JSmith") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on September 19, 2023 (the "Petition Date"). The Debtor continues as debtor-in-possession, and no trustee or examiner has been appointed in this case.

3.  Prior to Petition Date, Barnhill contracted with the Debtor to provide certain sub-contracted site preparation at three different Barnhill construction projects (the "Selma Burke Project", the "NCCU Project" and the "400H Project", and collectively, the "Barnhill Projects").

4.  The Debtor abandoned the Selma Burke Project in March 2023 and the NCCU Project in June 2023 (collectively, the "Abandoned Projects"), leaving behind unfinished work necessitating replacement of the Debtor's services and remediation by Barnhill or other sub-contractors. Barnhill suffered significant damages as a result of the Debtor's breaches of the contracts on the Abandoned Projects.

5.  The third subcontracted project between Barnhill and the Debtor, the 400H Project, involved the removal of soils by the Debtor, which it later claimed to be hazardous thus elevating the compensation due to it under the contract. Barnhill disagreed and contended that the removed soil was of the type covered under the lump sum price of the subcontract and JSmith's submitted pay applications include incontrovertible evidence that the soils were not handled or treated as hazardous by JSmith.

6.  Debtor commenced a civil action on the 400H Project on November 29, 2022 in Wake County Superior Court, captioned *JSmith Civil, LLC v. Barnhill Contracting Company and Travelers Casualty and Surety Company of America*, Case No. 22CV015003, in Wake County Superior Court, Wake County, North Carolina (the "State Court Action").

7.  Following the filing of the State Court Action, the dispute between the Debtor and Barnhill shifted to an arbitration proceeding (the "Arbitration") where it is currently pending today.

8.  Barnhill holds claims against the Debtor based on the Debtor's abandonment of the of the Abandoned Projects, and the breach of the related contracts. However, those claims are

currently unliquidated but may be offset against the award to the Debtor against Barnhill in the Arbitration.

9. The Debtor has listed Barnhill with a disputed claim in Section 3.41 of its Schedule E/F [Dkt. No. 68]. *See Schedule E/F*, p. 13.[1]

10. Barnhill seeks relief from the automatic stay to assert its counterclaims against the Debtor in the Arbitration proceeding, to raise any defenses and issues of offset damages for breach of contract against the Debtor in response to the claims of the Debtor, and to liquidate the disputed claim of Barnhill for the purposes of the Bankruptcy Case and the claims administration process.

## BASIS FOR RELIEF

### A. Standard for Relief from the Automatic Stay

11. Relief from an automatic stay of 11 U.S.C. 362(a) is governed by 11 U.S.C. 362(d) which reads, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) For cause, including lack of adequate protection of an interest in property of such party in interest...

Bankruptcy Code section 362 allocates the burden of proof in relief from stay matters to:

> (1) The party requesting relief … on the issue of the debtor's equity in the property; and
>
> (2) The party opposing such relief … on all other issues.

---

[1] The Debtor included Barnhill and Barnhill's potential claim in its Notice of Disputed, Contingent, or Unliquidated Claims [Dkt. No. 166].

11 U.S.C. § 362(g). Subsections 362(d) and (g) of the Bankruptcy Code govern this matter. The only issue is whether there is "cause" for relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1). The debtor carries the burden of proof on this issue.

> The issues referred to in section 362(g) are found in subsection (d). Subsection (d)(1) sets forth only one element (issue) for relief, namely, cause…. It is therefore clear that section 362(g) puts the burden on the debtor in (d)(1) to prove the absence of cause...

*In re Gauvin*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982).

12. "The Bankruptcy Code provides that the bankruptcy court shall grant relief from the automatic stay 'for cause.' 11 U.S.C. § 362(d)(1). *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). "Because the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).

13. When determining whether "relief from stay to commence or continue litigation in another forum is appropriate" the Fourth Circuit has stated that "the court must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay." *In re Wolsonovich*, 2020 Bankr. LEXIS 1118, at *5 (Bankr. D.S.C. April 1, 2020). It is important to note that the drafters of the Bankruptcy Reform Act of 1978 acknowledged that "[i]t will often be more appropriate to permit proceedings to continue in their place of origin" where no great prejudice to the Debtor's estate would result to allow parties access "to their chose form and to relief the bankruptcy court form many duties that may be handled elsewhere." *Id*. (citing S.Rep.No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6836).

14. The Fourth Circuit has established several factors for consideration when undertaking the aforementioned balance of hardships inquiry, specifically: (1) whether the issues

in the pending litigation involve only state law, such that the bankruptcy court's expertise is unnecessary; (2) whether lifting the stay will promote judicial economy; and (3) whether the estate can be protected properly by a requirement that a creditor seek enforcement of any judgment granted though the bankruptcy. *In re Guy*, 587 B.R. 475, 478 (Bankr. E.D.N.C. 2018) (citing *Robins* 964 F.2d at 345).

15. Specifically, when assessing a motion for relief from stay to conclude an already existent arbitration proceeding, courts have noted that the "Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2." *In re Jotan, Inc.*, 232 B.R. 503, 505 (Bankr. M.D. Fl. 1999). A key determination for courts to make in the bankruptcy context when deciding whether to allow arbitration to proceed is the "threshold matter [of] whether the pending issues in [a]rbitration are core matters' in the bankruptcy case." *Id*. "While there is not a uniform approach to resolving the conflict between enforcing federal bankruptcy and arbitration laws, courts dealing with such issues distinguish core and non-core matters." *Id*. at 505-506. Section 157(b)(2) of the Bankruptcy Code "contains a list of sample core proceedings" which include "allowance or disallowance of claims against the estate" along with counterclaims "by the estate against persons filing claims against the estate." *TP, Inc. v. Bank of America, N.A. (In re TP, Inc.)*, 279 B.R. 373, 382 (Bankr. E.D.N.C. 2012). However, certain "courts have found that pre-petition common law actions for a claim requiring adjudication of factual disputes unrelated to bankruptcy are not core claims." *Id*. (citing *In re Fairfield Sentry Ltd. Litigation*, 458 B.R. 665, 688 (S.D.N.Y. 2011) (stating that state law causes of action independent of bankruptcy are not necessarily resolvable by a ruling on a creditors proof of claim); *Burns v. Dennis (In re Southeastern Materials, Inc.)*, 467 B.R. 337, 362-63 (Bankr. M.D.N.C. 2012) (holding that

"common-law actions to augment the size of the state involving disputed facts to be determined by a jury are not core.")).

16.     Courts in this district have looked to a two-prong test established in *Stern v. Marshall*, which is "whether the action at issue stems from the bankruptcy proceeding itself, and the second asks whether the issue would necessarily be resolved in the claims allowance process." *TP, Inc.*, 279 B.R. at 384 (citing *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

**B. The Arbitration Issues Do Not Implicate Bankruptcy Expertise and Did Not Arise in Bankruptcy.**

17.     Here, the issues raised by the Debtor and by Barnhill's proposed counterclaims in the Arbitration "are not issues that "arise under" or "arise in" a case under Title 11. *Jaton*, 232 B.R. at 506. Rather, the Arbitration "deals with no issues involving rights created by federal bankruptcy law," specifically, breach of contract and common law rights of offset that arise separate and apart from the bankruptcy code. *Id*. These claims arise under North Carolina state law and would be litigation to judgment outside of the existence of this Bankruptcy Case by a court of competent jurisdiction in North Carolina, or by the arbitrator presiding over the Arbitration. No special bankruptcy expertise is required to decide to what extent Barnhill can offset the amounts owed to the Debtor against the damages owed to Barnhill by the Debtor as a result of the Debtor's clear breach of the parties' contract on two different construction jobs. The Debtor appears to be seeking to "augment the estate, rather than a reduction in the amount" claimed by Barnhill in the Arbitration. *See TP, Inc.*, 479 B.R. at 387 (referring breach of contract claims to arbitration as failing the two prong *Stern* test).

18.     In fact, with respect to the Arbitration, the arbitrator overseeing that proceeding would be better placed to decide the validity of the claims of the Debtor, and any award related thereto, based on interpretation of what constitutes hazardous soils under the contract and whether

the soils removed satisfy that provision of the contract. Such analysis and findings can be highly technical and the arbitrator, already introduced to the issues, is best placed to decide the Debtor's arbitration claims against Barnhill, Barnhill's counterclaims against the Debtor, and the offset issues.

**C. Resolution of the Dispute and Liquidation of Barnhill's Claim Will Serve Judicial Economy.**

19. Arbitration here "will be helpful in the resolution of creditor claims and defining [Barnhill's] place in the bankruptcy case. The claims in [a]rbitration are based on the [contract]s between the [Debtor] and [Barnhill] that arose prepetition." *Id*. at 507. This resolution will be more efficient and allow the parties to get to a liquidated amount of the Barnhill claim quickly, as the Arbitration is already pending and the arbitrator is well aware of the facts underlying the dispute between Barnhill in the Debtor. In the verbiage of *Robbins*, judicial economy will be served by allowing an already extant tribunal to liquidate Barnhill's claim amount.

**D. Barnhill's Claim will be Administered by the Bankruptcy Court.**

20. Following conclusion of the Arbitration, the Debtor's bankruptcy estate will remain protected, as this Court would be the proper venue for enforcement of any arbitration award to Barnhill. The Debtor has acknowledged in its schedules that Barnhill has a claim. Barnhill seeks only to solidify the nature and amount of its claim and to get clarity on its place in this Bankruptcy Proceeding through the expeditious conclusion of the Arbitration.

**E. Waiver of the Requirements of Rule 4001(a)(3) Is Warranted to Expedite the Conclusion of the Arbitration and to Prevent Prejudice to the Debtor.**

21. Barnhill request the waiver of the requirements of Rule 4001(a)(3) to expedite the conclusion of the Arbitration. By waiving the Rule 4001(a)(3) requirements, Barnhill can file its

7

counterclaims in order to give the Debtor as much time and opportunity as possible to prepare for its defense and conduct discovery on such claim.

22. A copy of the proposed Order granting Barnhill's Motion is attached hereto as **Exhibit A**.

WHEREFORE, Barnhill requests that the automatic stay be immediately modified for cause pursuant to 11 U.S.C. § 362(d)(1) to allow Barnhill to assert its crossclaims against the Debtor in the Arbitration, that the requirements of Rule 4001(a)(3) be waived such that the Order lifting the automatic stay be effective upon entry by this Court, and that this Court grant such other and further relief as is just and proper.

This the 29th day of November, 2023.  WOMBLE BOND DICKINSON (US) LLP

By: /s/ James S. Livermon, III
JAMES S. LIVERMON, III
NC State Bar No. 26492
WILLIAM D. CURTIS
NC State Bar No. 53811
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2148
Charlie.Livermon@wbd-us.com

*Attorneys for Barnhill Contracting Company*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION**

```
------------------------------------------------------------ x
In re:                                         :
                                               :   Chapter 11
JSMITH CIVIL, LLC                              :
                                               :   Case No.: 23-02734-5-JNC
                              Debtor.          :
                                               :
------------------------------------------------------------ x
```

**ORDER GRANTING BARNHILL CONTRACTING COMPANY'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Upon Barnhill Contracting Company's ("Barnhill") Motion for Relief from the Automatic Stay ("Motion for Relief from Stay")[1]; and the Court having jurisdiction to consider the Motion for Relief from Stay, and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that due and adequate notice of the Motion for Relief from Stay has been given under the circumstances; and the Court having considered the Motion for Relief from Stay and the entry

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion for Relief from Stay.

of this Order and determined that the relief requested therein is in the best interests of the parties; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. For the reasons set forth in the Motion for Relief from Stay, and any hearing thereon, the Motion for Relief from Stay is GRANTED.

2. Notwithstanding any applicable rule or chambers procedures, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

3. This Court retains its jurisdiction to interpret, implement, and enforce the provisions of this Order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

```
------------------------------------------------------------ x
In re:                                            :
                                                  :        Chapter 11
JSMITH CIVIL, LLC                                 :
                                                  :        Case No.: 23-02734-5-JNC
                                      Debtor.     :
                                                  :
------------------------------------------------------------ x
```

## **NOTICE OF MOTION**

The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the order for relief from stay or for adequate protection, or if you want the court to consider your views on the motion, then on or before December 18, 2023, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

>United States Bankruptcy Court
>Post Office Box 791
>Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy:

>James S. Livermon, III, Esq.
>WOMBLE BOND DICKINSON (US) LLP
>555 Fayetteville St., Suite 1100
>Raleigh, NC 27601
>
>Joseph Z. Frost, Esq.
>BUCKMILLER, BOYETTE & FROST, PLLC
>4700 Six Forks Road, Suite 150
>Raleigh, NC 27609

Brian Behr, Esq.
BANKRUPTCY ADMINISTRATOR
434 Fayetteville Street, Suite 640
Raleigh, NC 27601

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

This the 29th day of November, 2023.   WOMBLE BOND DICKINSON (US) LLP

By:   /s/ James S. Livermon, III
JAMES S. LIVERMON, III
NC State Bar No. 26492
WILLIAM D. CURTIS
NC State Bar No. 53811
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2148
Charlie.Livermon@wbd-us.com

*Attorneys for Barnhill Contracting Company*

# CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> JSmith Civil, LLC
> PO Box 857
> Goldsboro, NC 27530

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the court's CM/ECF service on:

> Joseph Z. Frost, Esq.
> Attorney for Debtor
> *Via CM/ECF*
>
> Brian C. Behr, Esq.
> Bankruptcy Administrator
> *Via CM/ECF*

I certify under penalty of perjury that the foregoing is true and correct.

This the 29th day of November, 2023.  WOMBLE BOND DICKINSON (US) LLP

By: /s/ James S. Livermon, III
JAMES S. LIVERMON, III
NC State Bar No. 26492
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2148
Charlie.Livermon@wbd-us.com

*Attorneys for Barnhill Contracting Company*