# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

**IN RE:**

**JSMITH CIVIL, LLC,**                                **CASE NO. 23-02734-5-JNC**
                                                                    **CHAPTER 11**

                **DEBTOR.**

## OBJECTION AND RESPONSE IN OPPOSITION TO MOTION FOR PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS

**NOW COMES** the Debtor JSMITH CIVIL, LLC (the "Debtor"), by and through undersigned counsel, and hereby responds in opposition to Motion for Pre-Confirmation Adequate Protection Payments [D.E. 130] (the "AP Motion") filed by ALLY BANK ("Ally") and requests that the relief sought therein be denied in its entirety. In support hereof, and in opposition to the AP Motion, the Debtor shows unto the Court as follows:

1. The Court has jurisdiction over this matter, and the relief requested therein, pursuant to 28 U.S.C. §§ 151, 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court, likewise, has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2. The Debtor, a limited liability company organized and exiting under the laws of the State of North Carolina, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on September 19, 2023 (the "Petition Date"), BK Case No. 23-02734-5-JNC (the "Bankruptcy Case").

3. Post-petition, Ally filed the AP Motion currently before the Court, seeking and demanding adequate protection in connection with the Debtor's continued use and possession of the following titled vehicles:

| Vehicle | Adequate Protection Demanded/Requested |
|---|---|
| 2020 Chevrolet Silverado 1500 VIN 3GCUYDED1LG265278 | $288.20 |
| 2020 Ford Super Duty F-250 VIN 1FT7W2BN3LED29476 | $360.70 |
| 2020 Ram 3500 VIN 3C7WRTCLXLG145198 | $467.90 |

(collectively, the "Vehicles"). Ally Bank, in the AP Motion, seeks and demands adequate protection based upon an apparent lack of equity in the Vehicles. Ally is not entitled to adequate protection or relief from the automatic stay under §§ 362(d)(1) and 363 of the Bankruptcy Code, for cause, because the Stay Motion does not provide any evidentiary support and fails to establish that the Vehicles are declining in value as a result of the automatic stay. Moreover, and given the recent public sale that was conducted by the Debtor on November 15, 2023, there appears to be sufficient equity in the Vehicles to adequately protect the lien, claim, and security interests of Ally therein.

4. The automatic stay, imposed by § 362 of the Bankruptcy Code upon the filing of a bankruptcy petition, prohibits, *inter alia*, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). The automatic stay, which "is the single most important protection afforded . . . by the Bankruptcy Code[,]" relieves debtors "of the financial pressure that drove [them] into bankruptcy" Borman v. Raymark Indus., Inc., 946 F.2d 1031, 1033 (3d Cir. 1991), by "allowing

the debtor a breathing spell from his creditors and permitting him to attempt a repayment or reorganization plan." In re Peterkin, 102 B.R. 50, 53 (Bankr. E.D.N.C. 1989) (citation omitted); see Maritime Elec. Co. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) (emphasizing that the automatic stay is a device that protects the bankruptcy estate from being whittled away by creditors' lawsuits); see also Javens v. City of Hazel Park (In re Javens), 107 F.3d 359, 363 (6th Cir. 1997) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." (quoting H.R. Rep. No. 95-595, at 340 (1978), reprinted in, 1978 U.S.C.C.A.N. 5787, 6296)); accord CAE Indus. Ltd. v. Aerospace Holding Co., 116 B.R. 31, 32 (S.D.N.Y. 1990) (emphasizing that "the legislative history reveals that the section was intended 'to permit the debtor to organize his or her affairs without creditor harassment and to allow orderly resolution of all claims.'").[1]

5. Section 362(d), however, authorizes bankruptcy courts to grant relief from the automatic stay in limited circumstances. 11 U.S.C. § 362(d). Section 362(d) provides, in relevant part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

---

[1] Courts have held that the automatic stay seeks to prevent parties from obtaining property that a debtor has a possessory interest in even when that property is not property of the estate. In re Moore, 448 B.R. 93, 103 n.18 (Bankr. N.D. Ga. 2011) (collecting cases).

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d). Under § 362(d)(1), "'courts must determine whether discretionary relief is appropriate on a case by case basis.'" Chrysler LLC v. Plastech Engineered Prods., Inc. (In re Plastech Engineered Prods., Inc.), 382 B.R. 90, 106 (Bankr. E.D. Mich. 2008) (citation omitted).

6. A secured creditor lacks adequate protection "*when the continuation of the automatic stay causes* that party to suffer a decrease in the value of its property interest." In re Continental Airlines, Inc., 154 B.R. 176, 180 (Bankr. D. Del. 1993) (emphasis in original); see In re 3G Props., LLC, No. 10-04763-8-JRL, at 5 (Bankr. E.D.N.C. Nov. 5, 2010). A secured creditor must, therefore, prove either (A) a decline in value or (B) the threat of a decline due to the automatic stay, such as from a failure to maintain property insurance or to keep the property in a good state of repair, in order to establish a lack of adequate protection. In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). Generally, only secured creditors are entitled to adequate protection of their interests under §363(e). In re Sweetwater, 40 B.R. 733 (Bankr. D. Utah 1984) (concluding that, "[s]ection 363(e) was intended to protect the collateral of secured creditors while the debtor in possession or trustee operated the business."), aff'd, 57 B.R. 743 (D. Utah 1985); accord In re Wheeling–Pittsburgh Steel, 54 B.R. 385 (Bankr. W.D. Pa. 1985); In re Cafe Partners/Washington 1983, 81 B.R. 175 (Bankr. D. Col. 1988). After a lengthy excursion into the Bankruptcy Code's legislative history, the Sweetwater Court concluded that, "[s]ection 363(e) was intended to protect the collateral of secured creditors while the debtor in possession or trustee operated the business." 40 B.R. at 742 (citing In re Curlew Valley Assocs., 14 B.R. 506, 514 n. 13 (Bankr. D. Utah 1981)).

7. The Bankruptcy Code does not define adequate protection; however, § 361 sets forth three non-exclusive examples of what may constitute adequate protection:

> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 361 of this title, use, sale or lease under section 363 of this title, or any grant of lien under section 364 results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361. This provision is designed to shield a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. See, e.g., In re Addison Prop. Ltd. P'ship, 185 B.R. 766, 770 (Bankr. N.D. Ill. 1995) (holding that adequate protection is meant to assure that a secured creditor does not suffer a decline in the value of its interest in the estate's property); In re Nice, 355 B.R. 554, 563 (Bankr. N.D. W. Va. 2006) ("[A]dequate protection is solely a function of preserving the value of the creditor's secured claim as the petition date due to a debtor's continued use of the collateral."); In re Hubbard Power & Light, 202 B.R. 680, 685 (Bankr. E.D.N.Y. 1996).

8. At least one court has found that "vague undocumented allegations that [collateral] is depreciated by an unspecified dollar amount" were insufficient to establish a *prima facie* case for relief from the automatic stay pursuant to § 362(d)(1). In re Reice, 88 B.R. 676, 684 (Bankr. E.D. Pa. 1988). In this case, Ally has not provided—in the Stay Motion or

otherwise—any factual support or any assertion that it lacks adequate protection of its interest in the Vehicles.

9. Ally is not entitled to relief from the automatic stay for lack of adequate protection pursuant to § 362(d)(1), because the **Stay Motion** *<u>does not cite, provide any evidentiary support, and fails to establish that the Vehicles are declining in value as a result of the automatic stay.</u>* Because Ally has failed to satisfy its burden of establishing sufficient "cause" to justify relief under §362(d)(1) of the Bankruptcy Code, the AP Motion should be denied.

**WHEREFORE,** the Debtor respectfully requests a hearing on, and that the AP Motion be **DENIED**, and entry of an Order denying all of the relief requested by AP therein, and allowing such further relief as is necessary and proper.

Respectfully submitted, this the 30th day of November, 2023.

**BUCKMILLER, BOYETTE & FROST, PLLC**

BY: s/Joseph Z. Frost

JOSEPH Z. FROST, NCSB No. 44387
jfrost@bbflawfirm.com

4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
T: 919-296-5040
F: 919-890-0356

Counsel for Debtor JSmith Civil, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a true and accurate copy of the foregoing **OBJECTION AND RESPONSE IN OPPOSITION TO MOTION FOR PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS** was electronically filed with the CM/ECF system, notification of which was remitted to the following CM/ECF participants:

Brian C. Behr
OFFICE OF THE BANKRUPTCY ADMINISTRATOR
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
*Bankruptcy Administrator for the Eastern District of North Carolina*

Ron C. Bingham, II
Timothy J. Anzenberger
ADAMS AND REESE LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, Mississippi 39157
*Counsel for Truist Equipment Finance Corp.*

Brian D. Darer
PARKER, POE, ADAMS, BERNSTEIN, LLP
Post Office Box 389
Raleigh, North Carolina 27602
*Counsel for PNC Bank, National Associatton*

Matthew P. Weiner
Stephanie Goodbar
POYNER SPRUILL LLP
301 Fayetteville Street, Suite 1900
Post Office Box 1801
Raleigh, North Carolina 27602-1801
*Counsel for First-Citizens Bank & Trust Company*

Anna Bryce Hobson
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street
Ste 3700
Charlotte, North Carolina 28202
*Counsel for BridgePoint General Contracting, Inc., BridgePoint Construction Services, Shelley McPhatter, and David White*

Pamela P. Keenan
KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, PA
PO Box 19766
Raleigh, NC 27619-9766
*Counsel for Ally Bank*

James S. Livermon, III
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
*Counsel for Barnhill Contracting Company*

Cody R. Loughridge
BAILEY & DIXON, LLP
Post Office Box 1351
Raleigh, North Carolina 27602
*Counsel for Flagstar Financial & Leasing, LLC*

| | |
|---|---|
| Robert A. Mays<br>MAYS JOHNSON LAW FIRM<br>21 Battery Park Avenue<br>Suite 201<br>Asheville, North Carolina 28801<br>*Counsel for Smith-Rowe, LLC* | Jeffrey Steven Price<br>MANIER & HEROD, LLP<br>One Nashville Place, Suite 2200<br>150 Fourth Avenue North<br>Nashville, TN 37219<br>*Counsel for Westfield Insurance Company* |
| Logan Rappaport<br>BRONSTER, LLP<br>156 W 56th St Suite 902<br>New York, New York 10019<br>*Counsel for Flagstar Financial & Leasing, LLC* | Samuel G. Thompson, Jr<br>GORDON REES SCULLY MANSUKHANI, LLP<br>150 Fayetteville Street<br>Suite 1120<br>Raleigh, North Carolina 27601<br>*Counsel for Mitsubishi HC Capital America, Inc.* |
| James C. White<br>J.C. WHITE LAW GROUP, PLLC<br>100 Europa Dr. Ste 401<br>Chapel Hill, North Carolina 27517<br>*Counsel for Oldcastle Infrastructure, Inc.* | Pamela P. Keenan<br>KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.<br>Post Office Box 19766<br>Raleigh, North Carolina 27619<br>Counsel for Ally Bank |

The undersigned further certifies that a true and accurate copy of the foregoing was deposited with the United States Postal Service in an envelope, bearing sufficient postage for mailing via first-class mail delivery, properly addressed as follows:

> JSmith Civil
> Post Office Box 857
> Goldsboro, North Carolina 27530
> *Debtor-in-Possession*

Executed this, the 30th day of November, 2023.

s/Joseph Z. Frost
JOSEPH Z. FROST (NCSB No. 44387)
jfrost@bbflawfirm.com

BUCKMILLER, BOYETTE & FROST, PLLC
4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
