UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

JSMITH CIVIL, LLC,　　　　　　　　　　CASE NO. 23-02734-5-JNC
　　　　　　　　　　　　　　　　　　　CHAPTER 11
　　　　DEBTOR.

### LIMITED OBJECTION AND RESPONSE IN OPPOSITION TO BARNHILL CONTRACTING COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOW COMES** the Debtor JSMITH CIVIL, LLC (the "Debtor"), by and through undersigned counsel, and hereby responds in opposition to Barnhill Contracting Company's Motion for Relief from the Automatic Stay [D.E. 157] (the "Barnhill Stay Motion" or "Stay Motion") filed by BARNHILL CONTRACTING COMPANY ("Barnhill"), and requests that any relief allowed by this Court be limited, conditioned, and circumscribed in the manner and upon the grounds set forth herein. In support hereof, and in limited opposition to the Stay Motion, the Debtor shows unto the Court as follows:

1. The Court has jurisdiction over this matter, and the relief requested therein, pursuant to 28 U.S.C. §§ 151, 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court, likewise, has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2. The Debtor, a limited liability company organized and exiting under the laws of the State of North Carolina, filed a voluntary petition seeking relief under chapter 11 of

the Bankruptcy Code on September 19, 2023 (the "Petition Date"), BK Case No. 23-02734-5-JNC (the "Bankruptcy Case").

3. Prepetition, and on November 29, 2022, the Debtor commenced a civil action against Barnhill with the Wake County Superior Court captioned *JSmith Civil, LLC v. Barnhill Contracting Company, et al.*, File No. 22CV015003, relating to a construction project for which Barnhill served as general contractor and referred as, the "400H Project" (collectively, the "State Court Action"). A copy of the Register of Actions as of December 18, 2023, which is maintained by the Wake County Superior Court for the State Court Action, is attached hereto as **EXHIBIT 1** and incorporated herein by reference.[1]

4. Barnhill, in the State Court Action, filed Barnhill Contracting Company's Answer on March 1, 2023 (the "Barnhill Answer"), a copy of which is attached hereto as **EXHIBIT 3**. The Barnhill Answer, unexplainably, did not contain any counterclaims against the Debtor or assert, as an affirmative defense or otherwise, offset or setoff of any amounts purportedly owed by the Debtor to Barnhill and arising from the 400H Project or any other construction projects, including but not limited to, the Selma Burke Project or the NCCU Project, coined as the "Abandoned Projects" in the Stay Motion.

---

[1] A copy of the Complaint, filed by the Debtor and commencing the State Court Action, is attached hereto as **EXHIBIT 2** and incorporated herein by reference. The Standard Subcontract Document, attached to the Complaint in the State Court Action as Exhibit B and governing the contractual relationship between the Debtor and Barnhill and upon which the claims in the State Court Action are based, contains an arbitration provision, requiring—at the election o Barnhill—that any and all disputes arising in connection with the Subcontract be submitted to binding arbitration.

5. To date, and despite being pending for over a year, the State Court Action has not been stayed pending arbitration,[2] nor has any formal and non-administrative action been taken in furtherance of any arbitration proceeding by the Debtor or Barnhill.

6. Barnhill, post-petition and in the Bankruptcy Case, filed the Stay Motion currently before the Court, seeking relief from the automatic stay "to allow Barnhill to assert counterclaims in a pending arbitration proceeding involving the Debtor and Barnhill in order to liquidate[] Barnhill's claims against the Debtor." Barnhill Contracting Co.'s Motion for Relief from the Automatic Stay [D.E. 157], at p. 1.

7. Courts in the Fourth Circuit, when determining whether "relief from stay to commence or continue litigation in another forum is appropriate . . . must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay." In re Wolsonovich, 2020 Bankr. LEXIS 1118, at *5 (Bankr D.S.C. April 1, 2020).

8. The Debtor, in order to prevent prejudice to the bankruptcy estate and its creditors, objects to the Stay Motion on the following limited bases:

> A. Barnhill should not be granted relief from the automatic stay to assert counterclaims and defenses in any arbitration proceeding or otherwise that it previously waived by failing to assert, maintain, and prosecute, in the State Court Action;[3]

---

[2] The Trial Court Administrator for the 10th Judicial District, on December 13, 2023, sent a Wake County Civil Superior Court Case Management Notice (the "Case Management Notice"), a copy of which is attached hereto as **EXHIBIT 4** and incorporated herein by reference, which will prompt the issuance of a Trial Scheduling Notice setting a trial date for the State Court Action.

[3] Barnhill, through the claims allowance process, can assert its claims against the Debtor

B. Barnhill should not be granted relief from the automatic stay to assert counterclaims against the Debtor, which it has not identified, described, and quantified; and

C. Barnhill should not, and cannot, be granted relief from the automatic stay to obtain—through a private arbitration proceeding—an arbitration award that if confirmed, would impose post-petition judgment liability against the Debtor, to the detriment of other similarly-situated general unsecured creditors.

9. Should this Court grant the relief requested by Barnhill in the Stay Motion, it should condition and limit said relief as follows: (a) Barnhill should be required to identify, describe, and quantify the underlying allegations, amounts, and other information supporting any such counterclaims or affirmative defenses that it intends to assert against the Debtor; (b) Barnhill should be prohibited from asserting counterclaims and defenses that it previously waived; and (c) The Debtor shall not have any post-petition judgment liability arising from any claim, counterclaim, or affirmative defense asserted by Barnhill, in the State Court Action or otherwise, all of which arose prior to the Petition Date. The foregoing conditions and limitations prevent and mitigate any prejudice to the Debtor, the bankruptcy estate, and creditors that will be sustained as a result of granting the relief sought by Barnhill in the Stay Motion.

**WHEREFORE,** and based upon foregoing, as well as any additional argument or evidence that may be raised in connection with any hearing on the Stay Motion,[4] the Debtor

---

arising from the Selma Burke Project and the NCCU Project, without the necessity of obtaining relief from the automatic stay to file purported counterclaims and assert setoff and offset defenses, aimed at preventing and diluting any recovery by the Debtor against Barnhill in the State Court Action.

[4] The Debtor, in connection herewith, respectfully requests a hearing on the Stay Motion

respectfully requests that the Stay Motion be **DENIED** and such further relief as the Court deems necessary and proper.

Respectfully submitted this, the 18th day of December, 2023.

**BUCKMILLER, BOYETTE & FROST, PLLC**

BY: s/Joseph Z. Frost

JOSEPH Z. FROST, NCSB No. 44387
jfrost@bbflawfirm.com

4700 Six Forks Road, Suite 150
Raleigh, North Carolina 27609
T: 919-296-5040
F: 919-890-0356

Counsel for Debtor JSmith Civil, LLC

---

filed by Barnhill.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, a true and accurate copy of the foregoing **LIMITED OBJECTION AND RESPONSE IN OPPOSITION TO BARNHILL CONTRACTING COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** was electronically filed with the CM/ECF system, notification of which was remitted to the following CM/ECF participants:

Brian C. Behr
OFFICE OF THE BANKRUPTCY ADMINISTRATOR
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
*Bankruptcy Administrator for the Eastern District of North Carolina*

Ron C. Bingham, II
Timothy J. Anzenberger
ADAMS AND REESE LLP
1018 Highland Colony Parkway
Suite 800
Ridgeland, Mississippi 39157
*Counsel for Truist Equipment Finance Corp.*

Brian D. Darer
PARKER, POE, ADAMS, BERNSTEIN, LLP
Post Office Box 389
Raleigh, North Carolina 27602
*Counsel for PNC Bank, National Associatton*

Matthew P. Weiner
Stephanie Goodbar
POYNER SPRUILL LLP
301 Fayetteville Street, Suite 1900
Post Office Box 1801
Raleigh, North Carolina 27602-1801
*Counsel for First-Citizens Bank & Trust Company*

Anna Bryce Hobson
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street
Ste 3700
Charlotte, North Carolina 28202
*Counsel for BridgePoint General Contracting, Inc., BridgePoint Construction Services, Shelley McPhatter, and David White*

Pamela P. Keenan
KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, PA
PO Box 19766
Raleigh, NC 27619-9766
*Counsel for Ally Bank*

| | |
|---|---|
| James S. Livermon, III<br>WOMBLE BOND DICKINSON (US) LLP<br>555 Fayetteville Street, Suite 1100<br>Raleigh, North Carolina 27601<br>*Counsel for Barnhill Contracting Company* | Cody R. Loughridge<br>BAILEY & DIXON, LLP<br>Post Office Box 1351<br>Raleigh, North Carolina 27602<br>*Counsel for Flagstar Financial & Leasing, LLC* |
| Robert A. Mays<br>MAYS JOHNSON LAW FIRM<br>21 Battery Park Avenue<br>Suite 201<br>Asheville, North Carolina 28801<br>*Counsel for Smith-Rowe, LLC* | Jeffrey Steven Price<br>MANIER & HEROD, LLP<br>One Nashville Place, Suite 2200<br>150 Fourth Avenue North<br>Nashville, TN 37219<br>*Counsel for Westfield Insurance Company* |
| Logan Rappaport<br>BRONSTER, LLP<br>156 W 56th St Suite 902<br>New York, New York 10019<br>*Counsel for Flagstar Financial & Leasing, LLC* | Samuel G. Thompson, Jr<br>GORDON REES SCULLY MANSUKHANI, LLP<br>150 Fayetteville Street<br>Suite 1120<br>Raleigh, North Carolina 27601<br>*Counsel for Mitsubishi HC Capital America, Inc.* |
| James C. White<br>J.C. WHITE LAW GROUP, PLLC<br>100 Europa Dr. Ste 401<br>Chapel Hill, North Carolina 27517<br>*Counsel for Oldcastle Infrastructure, Inc.* | Pamela P. Keenan<br>KIRSCHBAUM, NANNEY, KEENAN & GRIFFIN, P.A.<br>Post Office Box 19766<br>Raleigh, North Carolina 27619<br>Counsel for Ally Bank |

The undersigned further certifies that a true and accurate copy of the foregoing was deposited with the United States Postal Service in an envelope, bearing sufficient postage for mailing via first-class mail delivery, properly addressed as follows:

JSmith Civil
Post Office Box 857
Goldsboro, North Carolina 27530
*Debtor-in-Possession*

Executed this, the 18th day of December, 2023.

                                                  s/Joseph Z. Frost
                                                  JOSEPH Z. FROST (NCSB No. 44387)
                                                  jfrost@bbflawfirm.com

                                                BUCKMILLER, BOYETTE & FROST, PLLC
                                                4700 Six Forks Road, Suite 150
                                                Raleigh, North Carolina 27609