**SO ORDERED.**

**SIGNED this 29 day of December, 2023.**



_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION**

| | |
|---|---|
| IN RE: | |
| JSMITH CIVIL, LLC, | CASE NO. 23-02734-5-JNC |
| | CHAPTER 11 |
| DEBTOR. | |

**ORDER APPROVING REPORT OF PUBLIC SALE, APPLICATION
FOR PAYMENT OF 11 U.S.C. § 506(c) EXPENSES, AND
MOTION FOR DISTRIBUTION OF SALES PROCEEDS**

**THIS MATTER,** coming before the Court upon the Report of Public Sale, Application for Payment of 11 U.S.C. § 506(c) Expenses, and Motion for Distribution of Sales Proceeds [D.E. 158], as amended and supplemented by the Amended Report of Public Sale, Application for Payment of 11 U.S.C. § 506(c) Expenses, and Motion for Distribution of Sales Proceeds [D.E. 210] (collectively, the "Report of Sale") filed by the Debtor JSMITH CIVIL, LLC (the "Debtor"), summarizing and setting forth the results of public sale and auction that was conducted by COUNTRY BOYS AUCTION & REALTY, INC. ("CBA" or "Auctioneer") on November 15, 2023, in Washington, North Carolina, (the "Public Sale" or "Auction") of certain titled vehicles, trailers, and personal property

owned by the Debtor (the "Property") and requesting authorization to (i) pay certain expenses under § 506(c) of the Bankruptcy Code associated with the Public Sale (including the commission that accrued to CBA), and (ii) distribute the remainder of the sales proceeds generated from the Public Sale, totaling $687,338.49 (the "Net Sales Proceeds") to various creditors, lienholders, and/or the bankruptcy estate.

The distributions, summarized and outlined in the Report of Sale, are as follows:

| Lienholder/Secured Creditor/Party | Disbursement Amount |
|---|---|
| Country Boys Auction & Realty, Inc. | $41,789.56 |
| Buckmiller, Boyette & Frost, PLLC | $8,816.95 |
| First-Citizens Bank & Trust Company | $187,275.38 |
| Enterprise Fleet Management, Inc. | $151,643.47 |
| Truist Equipment Finance Corp. | $0.00 |
| PNC Bank, N.A. / PNC Equipment Finance, LLC | $154,058.74 |
| Unencumbered – JSmith Civil, LLC | $194,360.90 |

Based upon the record in the above-captioned matter, and for good and sufficient cause otherwise shown, the Court hereby makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW:**

1. This is a core proceeding pursuant to 28 U.S.C. § 157 and the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. This Court, likewise, has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2. The Debtor, a limited liability company organized and existing under the laws of the State of North Carolina, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on September 19, 2023 (the "Petition Date"), BK Case No. 23-02734-5-JNC (the "Bankruptcy Case"), and currently operates as Debtor-in-Possession.

3. The Debtor, on October 20, 2023, filed a Notice of Public Sale [D.E. 73], as amended and modified by the Amended Notice of Public Sale [D.E. 83] (the "Public Sale Notice") and Motion for Approval of Public Sale of Personal Property Free and Clear of Claims, Liens, Encumbrances and Other Interests [D.E. 74] (the "Sale Motion"), seeking approval of a public sale of certain personal property on November 15, 2023, described and identified in Exhibit 1 to the Public Sale Notice and the Sale Motion (the "Property"), free and clear and of liens, claims, interests, and encumbrances pursuant to § 363(f) of the Bankruptcy Code, Fed. R. Civ. P. 2002, 6004, and 9014, and E.D.N.C. LBR 4002-1(f)(3).

4. The Property was—or may have been—subject to security interests, liens, claims, and encumbrances in favor of the following: (a) FIRST-CITIZENS BANK & TRUST COMPANY ("FCB"); (b) TRUIST EQUIPMENT FINANCE CORP. ("Truist"); (c) ENTERPRISE FLEET MANAGEMENT, INC. ("Enterprise"); (d) PNC BANK, NATIONAL ASSOCIATION a/k/a PNC EQUIPMENT FINANCE ("PNC"); (e) WESTFIELD INSURANCE COMPANY and its affiliates/related parties, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE ("Westfield"); HEAVY EQUIPMENT LEASING OF NC ("HEL"); and Ad valorem property taxes, if any, assessed by WAYNE COUNTY TAX COLLECTOR, against the Property as of the Petition Date (collectively, the "Secured Creditors").

5. The Court, on November 9, 2023, and after a hearing on the Public Sale Notice and the Sale Motion held on November 7, 2023, entered an Order Approving Public Sale of Personal Property Free and Clear of Claims, Liens, Encumbrances, and Other Interests [D.E. 123] (the "Sale Order"), allowing the Public Sale Notice and the Sale

3

Motion, and authorizing the Debtor to sell, free and clear of liens, claims, encumbrances, and interests, the Property at the Public Sale conducted by CBA.

6. The Public Sale was subsequently held and conducted in Washington, North Carolina, on November 15, 2023, and CBA registered 274 separate individuals, persons, and entities as participating bidders, either online or onsite, and generated gross proceeds of $737,945.00 (the "Gross Sale Proceeds") through the sale and auction of the Property, as reflected on the report created by CBA dated November 16, 2023, entitled "Cosignor Settlement" (the "Cosignor Settlement Report"), a copy of which was attached to the Report of Sale as Exhibit 1 and is incorporated herein by reference.

7. Based upon the Gross Sale Proceeds, and pursuant to the CBA Employment Order, CBA would be entitled to a commission of $35,717.80 associated with the Public Sale (the "CBA Commission"), and reimbursement of the sum of $6,071.76, as reasonable and extraordinary expenses incurred in connection with the Public Sale (collectively, the "CBA Expenses"), which were identified and set forth on Exhibit 2 to the Report of Sale (collectively, the "CBA 506(c) Expenses").[1]

8. Additionally, and in connection with the Public Sale, the Debtor incurred the sum of $8,816.95, as evidenced by Exhibit 3 to the Report of Sale, representing the reasonable attorneys' fees, costs, and expenses, that were incurred in connection with preserving and securing the requisite approval of the Public Sale wherein the Property was

---

[1] The CBA Expenses, totaling $6,071.76, relate to the transportation and hauling of a portion of Property from Goldsboro, North Carolina to Washington, North Carolina, as well as necessary repairs, parts, and batteries for certain of the items of the Property.

4

sold, liquidated, and disposed of in accordance with the Sale Order (the "BBF 506(c) Expenses") (the CBA 506(c) Expenses and the BBF 506(c) Expenses are collectively referred to herein as, the "506(c) Expenses").

9.   The total amount of the 506(c) Expenses, which were reasonable, necessary and essential to the disposition and sale of the Property at the Public Sale are $50,606.51, and consist of the following:

| Claimant | Amount |
| --- | --- |
| Country Boys Auction & Realty, Inc. | $41,789.56 |
| Buckmiller, Boyette & Frost, PLLC | $8,816.95 |

10.  After deduction of the 506(c) Expenses, the balance of the Gross Sales Proceeds remaining in the amount of $687,338.49 (the "Net Sales Proceeds"), should be distributed to creditors, lienholders, and the bankruptcy estate, in accordance with their respective lien priorities and the applicable provisions of the Bankruptcy Code, as follows:

| Lienholder/Secured Creditor/Party | Disbursement Amount |
| --- | --- |
| First-Citizens Bank & Trust Company | $187,275.38 |
| Enterprise Fleet Management, Inc. | $151,643.47 |
| Truist Equipment Finance Corp. | $0.00 |
| PNC Bank, N.A. / PNC Equipment Finance, LLC | $154,058.74 |
| Unencumbered – JSmith Civil, LLC | $194,360.90[2] |

11.  Payment of the Section 506(c) Expenses, including the CBA 506(c) Expenses, and the BBF 506(c) Expenses, for services rendered in connection with the

---

[2] The distribution to the Bankruptcy Estate of JSmith Civil, LLC, will be deposited into the IOLTA Trust Account of Buckmiller, Boyette & Frost, PLLC, pending further Order of the Court. Included within this amount are the Net Sales Proceeds attributable to the 2018 Chevrolet Traverse (VIN 3642), and totaling $21,888.43, the lien and security interest of Truist Equipment Finance Corp. was not perfected in accordance with applicable North Carolina law on the Certificate of Title issued by the North Carolina Department of Motor Vehicles.

Public Sale, and distribution of the remaining proceeds generated from the Public Sale, totaling $687,338.49, to those creditors, lienholders, and the bankruptcy estate, is in the best interests of the bankruptcy estate.

12. The Court, as a result, hereby believes the Report of Sale is accurate and the relief requested therein should be approved.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Report of Sale, as amended and modified, is **APPROVED** and the distributions and accompanying relief requested therein is **ALLOWED**.

2. From the Gross Sales Proceeds, totaling $737,945.00, the sum of $41,789.56 shall be paid to CBA, and the sum of $8,816.95, shall be paid to Buckmiller, Boyette & Frost, PLLC, as authorized costs and expenses allowed under § 506(c) of the Bankruptcy Code.

3. The remaining balance of the Gross Sales Proceeds, after payment of the 506(c) Expenses, which total $687,338.49 and are referred to herein as, the "Net Sales Proceeds," shall be distributed as follows:

>   A. The sum of $187,275.38 from the Net Sale Proceeds shall be distributed and paid to First-Citizens Bank & Trust Company;
> 
>   B. The sum of $151,643.47 from the Net Sale Proceeds shall be distributed and paid to Enterprise Fleet Management, Inc. or its appropriate designee;
> 
>   C. The sum of $154,058.74 from the Net Sale Proceeds shall be distributed and paid to PNC Bank, N.A. or its appropriate designee;
> 
>   D. The sum of $194,360.90 from the Net Sale Proceeds shall be distributed and paid to the bankruptcy estate of the Debtor, and deposited into the

IOLTA Trust Account of Buckmiller, Boyette & Frost, PLLC.

4.   The Court shall retain jurisdiction to interpret and enforce the terms and provisions of this Order, including—but not limited to—the authorized disbursements set forth herein.

**END OF DOCUMENT**