SO ORDERED.

SIGNED this 10 day of September, 2024.

_____

**Joseph N. Callaway**
**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

IN RE:

**JSMITH CIVIL, LLC,**                              **CASE NO. 23-02734-5-JNC**
                                                    **CHAPTER 11**

                    **DEBTOR.**

---

## ORDER APPROVING REPORT OF PUBLIC SALE, APPLICATION
## FOR PAYMENT OF 11 U.S.C. § 506(c) EXPENSES, AND
## MOTION FOR DISTRIBUTION OF SALES PROCEEDS

---

**THIS MATTER,** coming before the Court upon the Report of Public Sale, Application for Payment of 11 U.S.C. § 506(c) Expenses, and Motion for Distribution of Sales Proceeds [D.E. 416] ("Report of Sale") filed by the Debtor JSMITH CIVIL, LLC (the "Debtor"), summarizing and setting forth the results of public sale and auction that was conducted by COUNTRY BOYS AUCTION & REALTY, INC. ("CBA" or "Auctioneer") on July 17, 2024, in Washington, North Carolina (the "Public Sale" or "Auction"), of a 2020 CAT CC348 Asphalt Compactor, S/N CC300388 owned by the Debtor (the "Property") and requesting authorization to (i) pay certain expenses under § 506(c) of the Bankruptcy Code associated with the Public Sale (including the commission that accrued to CBA), and (ii) distribute the remainder of the sales proceeds generated from the Public Sale, totaling $20,234.00 (the "Net Sales Proceeds") to TRUIST EQUIPMENT FINANCE CORP. ("TEFC"), as the senior and first-priority lienholder in the Property.

The distributions, summarized and outlined in the Report of Sale, are as follows:

| Party/Lienholder/Secured Creditor | Payment/Disbursement Amount |
|---|---|
| Country Boys Auction & Realty, Inc. | $4,766.00 |
| Truist Equipment Finance Corp. | $20,234.00 |

Based upon the record in the above-captioned matter, and for good and sufficient cause otherwise shown, the Court hereby makes the following **FINDINGS OF FACT** and **CONCLUSIONS OF LAW:**

1.      This is a core proceeding pursuant to 28 U.S.C. § 157 and the Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334. This Court, likewise, has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

2.      The Debtor, a limited liability company organized and existing under the laws of the State of North Carolina, filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code on September 19, 2023 (the "Petition Date"), BK Case No. 23-02734-5-JNC (the "Bankruptcy Case"), and currently operates as Debtor-in-Possession.

3.      The Debtor, on July 12, 2024, filed a Notice of Public Sale [D.E. 392] (the "Public Sale Notice") and Motion for Approval of Public Sale of Personal Property Free and Clear of Claims, Liens, Encumbrances and Other Interests [D.E. 388; D.E. 393] (the "Sale Motion"), seeking approval of the Public Sale, as well as the sale of the Property free and clear and of liens, claims, interests, and encumbrances pursuant to § 363(f) of the Bankruptcy Code, Fed. R. Civ. P. 2002, 6004, and 9014, and E.D.N.C. LBR 4002-1(f)(3).[1]

4.      The Property was—or may have been—subject to security interests, liens, claims, and encumbrances in favor of the following: (a) FIRST-CITIZENS BANK & TRUST COMPANY ("FCB"); (b) TEFC; (c) WESTFIELD INSURANCE COMPANY and its affiliates/related parties, WESTFIELD NATIONAL INSURANCE COMPANY and OHIO FARMERS INSURANCE ("Westfield"); (d) HEAVY EQUIPMENT LEASING OF NC ("HEL"); and (e) *Ad valorem* property taxes, if any, assessed by WAYNE COUNTY TAX COLLECTOR, against the Property as of the Petition Date (collectively, the "Secured Creditors").

5.      The Court, on July 16, 2024, entered an Order Approving Public Sale of Personal Property Free and Clear of Claims, Liens, Encumbrances, and Other Interests [D.E. 400] (the "Sale Order"), which authorized the Public Sale in accordance with the Sale Motion, and authorizing the Debtor to sell, free and clear of liens, claims, encumbrances, and interests, the Property at the Public Sale conducted by CBA.

6.      The Public Sale was held and conducted in Washington, North Carolina, on

---

[1] The Public Sale Notice, likewise, gave notice that the Debtor had employed CBA, as auctioneer and pursuant to an Order Allowing Application for Employment and Compensation of Auctioneer and Liquidation Agent [D.E. 91] (the "CBA Employment Order") entered by the Court on October 25, 2023, to assist and facilitate the sale of the Property at the Public Sale.

July 17, 2024, at 10:00 a.m. ET, and CBA registered numerous individuals, persons, and entities as participating bidders, either online or onsite, and generated gross proceeds of $25,5000.00 (the "Gross Sale Proceeds") through the sale and auction of the Property, as reflected on the report created by CBA dated July 18, 2024, entitled "Cosignor Settlement" (the "Cosignor Settlement Report"), a copy of which was attached to the Report of Sale as Exhibit 1 and is incorporated herein by reference.

7. Based upon the Gross Sale Proceeds, and pursuant to the CBA Employment Order, CBA would be entitled to a commission of $4,500.00 associated with the Public Sale (the "CBA Commission"), and reimbursement of the sum of $266.00, as reasonable and extraordinary expenses incurred in connection with the Public Sale (collectively, the "CBA Expenses"), which are identified and set forth on the Cosignor Settlement Report (collectively, the "CBA 506(c) Expenses").[2]

8. Additionally, and in connection with the Public Sale, the Debtor incurred the sum of $8,816.95, as evidenced by Exhibit 3 to the Report of Sale, representing the reasonable attorneys' fees, costs, and expenses, that were incurred in connection with preserving and securing the requisite approval of the Public Sale wherein the Property was sold, liquidated, and disposed of in accordance with the Sale Order (the "BBF 506(c) Expenses") (the CBA 506(c) Expenses and the BBF 506(c) Expenses are collectively referred to herein as, the "506(c) Expenses").

9. The total amount of costs and expenses associated with the liquidation and disposition of the Property under § 506(c) of the Bankruptcy Code, which were reasonable, necessary and essential to the disposition and sale of the Property at the Public Sale, are $4,766.00 (the "506(c) Expenses"), and consist of the following:

| Claimant | Amount |
|---|---|
| Country Boys Auction & Realty, Inc. | $4,766.00 |

10. After deduction of the 506(c) Expenses, the balance of the Gross Sales Proceeds remaining in the amount of $20,234.00 (the "Net Sales Proceeds"), should be distributed to TEFC, in accordance with its first-priority lien position and perfected security interest in the Property.

11. Payment of the Section 506(c) Expenses, which consist exclusively of those payable to CBA for services rendered, and expenses incurred, in connection with the Public Sale, and distribution of the Net Sales Proceeds to TEFC, is in the best interests of the Debtor, creditors, and the bankruptcy estate.

---

[2] The CBA Expenses, totaling $266.00, relate to the transportation and hauling of the Property from Goldsboro, North Carolina to Washington, North Carolina.

12. The Court, as a result, hereby believes the Report of Sale is accurate and the relief requested therein, including authorization to make the disbursements and distributions to CBA and TEFC, should be approved.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Report of Sale is **APPROVED** and all of the relief requested therein is **ALLOWED**.

2. From the Gross Sales Proceeds, totaling $25.000.00, the sum of $4,766.00, shall be paid to CBA, as authorized costs and expenses allowed under § 506(c) of the Bankruptcy Code.

3. The remaining balance of the Gross Sales Proceeds, after payment of the 506(c) Expenses, totaling $20,234.00 (referred to herein as, the Net Sales Proceeds), shall be distributed and paid to TEFC.

4. The Court shall retain jurisdiction to interpret and enforce the terms and provisions of this Order, including—but not limited to—the authorized disbursements set forth herein.

**END OF DOCUMENT**